## Jeanette v. Deseret Pharmaceutical Co., Inc.

Plaintiffs Linda and Henry Jeanette filed a notice complaint on July 20, 1978, against defendants Deseret Pharmaceutical Co., Inc., hereinafter referred to as Deseret, and Mercy Hospital for injuries allegedly sustained by Linda Jeanette. Plaintiffs aver that during the treatment of Linda Jeanette at Mercy Hospital, it became necessary to

use a subclavian catheter allegedly manufactured and sold by Deseret. Plaintiffs aver that the catheter became clogged and that it broke when a physician attempted to remove it. On October 3, 1978, Deseret filed preliminary objections to plaintiffs' complaint.

## OBJECTION TO JURISDICTION

Deseret contends that it is not a health care provider within the meaning of the Health Care Services Malpractice Act of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq., hereinafter referred to as the act. In addition, Deseret asserts that it is not a party who is necessary for a just determination of the claims against Mercy Hospital, a health care provider. Therefore, Deseret avers that it does not come within the jurisdiction of the arbitration panels.

Section 309 of the act provides:

"The arbitration panel shall have original exclusive jurisdiction to hear and decide any claim brought by a patient or his representative for loss or damages resulting from the furnishing of medical services which were or which should have been provided. The arbitration panel shall also have original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider." 40 P.S. §1301.309.

In the present case, plaintiffs filed suit against Mercy Hospital alleging injuries sustained as a result of the furnishing of medical services. Plaintiffs joined, as a party-defendant, Deseret, who allegedly manufactured the catheter which allegedly

caused the injuries. Thus, the arbitration panel has jurisdiction within the meaning of the act over Deseret despite its averment of nonhealth care provider status.

The Commonwealth Court, in Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295 (1978), explored the scope of the arbitration panel's jurisdiction over nonhealth care providers. The court held that the legislature did not intend to grant the arbitration panel jurisdiction over every person who was not a health care provider. Rather, the act "was intended to encompass those persons who, like *manufacturers of* drugs or *medical instruments,* . . . are kindred to health care providers." Id., 383 A. 2d at 1298. (Emphasis added.) Plaintiffs aver that Deseret manufactured and sold the catheter which allegedly broke. Thus, Deseret is within the jurisdiction of the arbitration panel as a nonhealth care provider as articulated by Gillette.

## PENDENCY OF A PRIOR ACTION

Deseret contends that plaintiffs' complaint should be dismissed because an identical action was brought in the Court of Common Pleas of Allegheny County before the instant suit was initiated. The action in the court of common pleas, however, does not operate as a bar to the present proceedings before the arbitration panel. Section 309 of the act, 40 P.S. §1301.309, grants the arbitration panel "original exclusive jurisdiction to hear and decide any claim asserted against a nonhealth care provider who is made a party defendant with a health care provider." As noted above, Deseret is a nonhealth care provider within the meaning of the act as articulated by Gillette.

Therefore, the arbitration panel has original and exclusive jurisdiction to hear the claims against Deseret. Accordingly, we enter the following

## ORDER

And now, January 18, 1979, upon consideration of the preliminary objections of Deseret Pharmaceutical Company, it is hereby ordered and decreed that defendant Deseret's preliminary objections be denied. Further, it is hereby determined that defendant Deseret Pharmaceutical Co., Inc., is a nonhealth care provider within the meaning of the Health Care Services Malpractice Act and that the arbitration panel has original exclusive jurisdiction over these claims against defendant Deseret Pharmaceutical Co., Inc.